IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACORDA THERAPEUTICS, INC. and ALKERMES PHARMA IRELAND LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 14-909-LPS |
| AUROBINDO PHARMA LTD. and AUROBINDO PHARMA USA, INC., | ) ) ) | |
| Defendants. | ) ) | |

**AUROBINDO PHARMA LTD. AND AUROBINDO PHARMA U.S.A., INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Aurobindo Pharma Ltd. ("Aurobindo Ltd.") and Aurobindo Pharma U.S.A., Inc., ("Aurobindo USA") (collectively, "Aurobindo") by and through its counsel, answer the Complaint of Plaintiffs Acorda Therapeutics, Inc. ("Acorda") and Alkermes Pharma Ireland Limited ("Alkermes") (collectively, "Plaintiffs") as follows:

**NATURE OF THE ACTION**

1.     Aurobindo admits that this action purports to allege infringement of U.S. Patent Nos. 5,540,938 ("the '938 patent"), 8,007,826 ("the '826 patent"), 8,354,437 ("the '437 patent"), 8,440,703 ("the '703 patent") and 8,663,685 ("the '685 patent") (collectively, the "asserted patents"), but denies that Plaintiffs are entitled to any relief.

2.     Aurobindo admits that Aurobindo Ltd. submitted Abbreviated New Drug Application ("ANDA") No. 206811 to seek FDA approval to market dalfampridine extended

release tablets of 10 mg dosage strength prior to the expiration of the asserted patents. Aurobindo denies the remaining allegations of paragraph 2.

## THE PARTIES

3.      Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies them.

4.      Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5.      Aurobindo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5, and therefore denies them and holds Plaintiffs to strict proof thereof.

6.      Aurobindo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6, and therefore denies them and holds Plaintiffs to strict proof thereof.

7.      Aurobindo admits that Aurobindo Ltd. is an Indian corporation having a principal place of business at Plot #2, Maitri Vihar, Ameerpet, Hyderabad – 500 038, Andhra Pradesh, India. To the extent there are any remaining allegations in paragraph 7, Aurobindo denies them.

8.      Aurobindo admits that Aurobindo Ltd. develops, formulates and manufactures pharmaceutical drug products. Aurobindo denies the remaining allegations of paragraph 8.

9.      Aurobindo admits that Aurobindo USA is a Delaware corporation having a principal place of business at 6 Wheeling Road, Dayton, New Jersey 08810 and further admits that Aurobindo USA is a wholly-owned subsidiary of Aurobindo Ltd. To the extent there are any remaining allegations in paragraph 9, Aurobindo denies them.

10.     Aurobindo admits that Aurobindo USA markets and sells pharmaceutical drug products but denies the remaining allegations of paragraph 10.

11.     Aurobindo admits that the State of Delaware has issued a pharmacy wholesale license to Aurobindo USA under License No. A4-0001270 but denies any remaining allegations of paragraph 11.

12.     Aurobindo admits that the State of Delaware has issued a distributor/manufacturer license to Aurobindo USA under License No. DM-0006550 but denies any remaining allegations of paragraph 12.

## JURISDICTION AND VENUE

13.     Paragraph 13 contains conclusions of law for which no answer is required.  To the extent that an answer is required, Aurobindo admits that this action cites the patent laws of the United States generally and that this Court has subject matter jurisdiction as to it.

14.     Paragraph 14 contains conclusions of law for which no answer is required.  To the extent that an answer is required, Aurobindo agrees not to challenge the Court's exercise of personal jurisdiction over it in this matter as to the presently asserted patents, without prejudice to Aurobindo's rights to challenge the Court's exercise of personal jurisdiction over it in future matters.

15.     Aurobindo denies the allegations of paragraph 15.

16.     Paragraph 16 contains conclusions of law for which no answer is required.  To the extent that an answer is required, Aurobindo incorporates by reference its answers to paragraphs 8-12 as if fully set forth herein.  Further answering, Aurobindo does not contest personal jurisdiction solely for the limited purposes of this particular action.  To the extent there are any remaining allegations in paragraph 16, Aurobindo denies them.

17.     Aurobindo denies the allegations of paragraph 17.

18.     These allegations relate to future conduct as to which no final decision has been made and Aurobindo therefore denies the allegations of paragraph 18.

19.     These allegations relate to future conduct as to which no final decision has been made and Aurobindo therefore denies the allegations of paragraph 19.

20.     Paragraph 20 contains conclusions of law for which no answer is required.  To the extent that an answer is required, Aurobindo admits that it has previously been sued and filed counterclaims in this judicial district, but it has expressly stated that it did not object to personal jurisdiction in previous cases for purposes of those actions only.  Aurobindo denies the remaining allegations of Paragraph 20.

21.     Paragraph 21 contains conclusions of law for which no answer is required.  To the extent that an answer is required, Aurobindo does not object to venue for this particular action.

## **BACKGROUND**

### **The '938 Patent**

22.     Aurobindo admits that the '938 patent, titled "Formulations and Their Use in the Treatment of Neurological Diseases," bears an issue date on its face of July 30, 1996, and that what is represented to be a copy of the '938 patent is attached to the Complaint as Exhibit A. Further answering, Aurobindo admits that the electronic assignment records of the United States Patent and Trademark Office ("USPTO") identify Alkermes as the purported assignee, but it lacks knowledge or information sufficient to confirm the truth of this allegation currently, and holds Plaintiffs to strict proof thereof. Aurobindo denies the remaining allegations of paragraph 22, including any suggestion that the '938 patent was "duly and legally" issued and/or assigned.

4

**The '826 Patent**

23.     Aurobindo admits that the '826 patent, titled "Sustained Release Aminopyridine Composition," bears an issue date on its face of August 30, 2011, and that what is represented to be a copy of the '826 patent is attached to the Complaint as Exhibit B.  Further answering, Aurobindo admits that the face of '826 patent names Acorda as the purported assignee, but it lacks knowledge or information sufficient to confirm the truth of this allegation currently, and holds Plaintiffs to strict proof thereof.  Aurobindo denies the remaining allegations of paragraph 23, including any suggestion that the '826 patent was "duly and legally" issued and/or assigned.

**The '437 Patent**

24.     Aurobindo admits that the '437 patent, titled "Method of Using Sustained Release Aminopyridine Compositions," bears an issue date on its face of January 15, 2013, and that what is represented to be a copy of the '437 patent is attached to the Complaint as Exhibit C.  Further answering, Aurobindo admits that the face of '437 patent names Acorda as the purported assignee, but it lacks knowledge or information sufficient to confirm the truth of this allegation currently, and holds Plaintiffs to strict proof thereof.  Aurobindo denies the remaining allegations of paragraph 24, including any suggestion that the '437 patent was "duly and legally" issued and/or assigned.

**The '703 Patent**

25.     Aurobindo admits that the '703 patent, titled "Methods of Using Sustained Release Aminopyridine Compositions," bears an issue date on its face of May 14, 2013, and that what is represented to be a copy of the '703 patent is attached to the Complaint as Exhibit D.  Further answering, Aurobindo admits that the face of '703 patent names Acorda as the purported assignee, but it lacks knowledge or information sufficient to confirm the truth of this allegation currently, and holds Plaintiffs to strict proof thereof.  Aurobindo denies the remaining allegations

5

of paragraph 25, including any suggestion that the '703 patent was "duly and legally" issued and/or assigned.

**The '685 Patent**

26.    Aurobindo admits that the '685 patent, titled "Sustained Release Aminopyridine Composition," bears an issue date on its face of March 4, 2014, and that what is represented to be a copy of the '685 patent is attached to the Complaint as Exhibit E.  Further answering, Aurobindo admits that the face of '685 patent names Acorda as the purported assignee, but it lacks knowledge or information sufficient to confirm the truth of this allegation currently, and holds Plaintiffs to strict proof thereof.  Aurobindo denies the remaining allegations of paragraph 26, including any suggestion that the '685 patent was "duly and legally" issued and/or assigned.

**Orange Book Listing for Ampyra®**

27.    On information and belief, Aurobindo admits that Acorda is listed as the holder of New Drug Application ("NDA") No. 022250 for dalfampridine extended release tablets of 10 mg dosage, which are sold under the name AMPYRA®.  Aurobindo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 27, and therefore denies them.

28.    Paragraph 28 contains conclusions of law for which no answer is required.  To the extent that an answer is required, Aurobindo denies the allegation of paragraph 28.

29.    On information and belief, Aurobindo admits that the asserted patents appear to be listed in the *Orange Book*, but denies the remaining allegations of paragraph 29.

30.    On information and belief, Aurobindo admits the allegations in paragraph 30.

**AUROBINDO'S ANDA**

31.    Aurobindo admits that by letter dated June 26, 2014, it notified Plaintiffs that Aurobindo Ltd. had submitted ANDA No. 206811 to the FDA, seeking approval of

6

dalfampridine extended release tablets of 10 mg dosage strength prior to the expiration of the asserted patents, and that the asserted patents are invalid and/or not infringed.  Aurobindo denies any remaining allegations of paragraph 31.

32.     Aurobindo admits the allegations in paragraph 32.

33.     Aurobindo admits the allegations in paragraph 33.

34.     Aurobindo denies the allegations of paragraph 34.

35.     These allegations relate to future conduct as to which no final decision has been made and Aurobindo therefore denies the allegations of paragraph 35.

## COUNT I
### (Alleged Infringement of the '938 Patent)

36.     Aurobindo repeats and incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

37.     Aurobindo denies the allegations of paragraph 37.

38.     Aurobindo admits the allegations in paragraph 38.

39.     Aurobindo denies the allegations of paragraph 39.

40.     Aurobindo denies the allegations of paragraph 40.

41.     Aurobindo denies the allegations of paragraph 41.

42.     Aurobindo denies the allegations of paragraph 42.

43.     Aurobindo denies the allegations of paragraph 43.

44.     Aurobindo denies the allegations of paragraph 44.

## COUNT II
### (Alleged Infringement of the '826 Patent)

45.     Aurobindo repeats and incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

46.     Aurobindo denies the allegations of paragraph 46.

47.     Aurobindo admits the allegations in paragraph 47.

48.     Aurobindo denies the allegations of paragraph 48.

49.     Aurobindo denies the allegations of paragraph 49.

50.     Aurobindo denies the allegations of paragraph 50.

51.     Aurobindo denies the allegations of paragraph 51.

52.     Aurobindo denies the allegations of paragraph 52.

53.     Aurobindo denies the allegations of paragraph 53.

## COUNT III
### (Alleged Infringement of the '437 Patent)

54.     Aurobindo repeats and incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

55.     Aurobindo denies the allegations of paragraph 55.

56.     Aurobindo admits the allegations in paragraph 56.

57.     Aurobindo denies the allegations of paragraph 57.

58.     Aurobindo denies the allegations of paragraph 58.

59.     Aurobindo denies the allegations of paragraph 59.

60.     Aurobindo denies the allegations of paragraph 60.

61.     Aurobindo denies the allegations of paragraph 61.

62.     Aurobindo denies the allegations of paragraph 62.

## COUNT IV
### (Alleged Infringement of the '703 Patent)

63.     Aurobindo repeats and incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

64.     Aurobindo denies the allegations of paragraph 64.

65.     Aurobindo admits the allegations of paragraph 65.

66.     Aurobindo denies the allegations of paragraph 66.

67.     Aurobindo denies the allegations of paragraph 67.

68.     Aurobindo denies the allegations of paragraph 68.

69.     Aurobindo denies the allegations of paragraph 69.

70.     Aurobindo denies the allegations of paragraph 70.

71.     Aurobindo denies the allegations of paragraph 71.

## COUNT V
### (Alleged Infringement of the '685 Patent)

72.     Aurobindo repeats and incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

73.     Aurobindo denies the allegations of paragraph 73.

74.     Aurobindo admits the allegations in paragraph 74.

75.     Aurobindo denies the allegations of paragraph 75.

76.     Aurobindo denies the allegations of paragraph 76.

77.     Aurobindo denies the allegations of paragraph 77.

78.     Aurobindo denies the allegations of paragraph 78.

79.     Aurobindo denies the allegations of paragraph 79.

80.     Aurobindo denies the allegations of paragraph 80.

## COUNT VI
### (Alleged Induced Infringement)

81.     Aurobindo repeats and incorporates by reference each of its answers to the foregoing paragraphs as if fully set forth herein.

82.     Aurobindo denies the allegations of paragraph 82.

83.     Aurobindo denies the allegations of paragraph 83.

*     *     *

Aurobindo denies any and all remaining allegations not specifically and expressly admitted above.  Aurobindo further denies that Plaintiffs are entitled to any relief from the Court whatsoever.  Aurobindo respectfully requests that the Court: (a) dismiss the Complaint against Aurobindo with prejudice; (b) enter judgment in favor of Aurobindo; (c) award Aurobindo its reasonable attorneys' fees and costs of defending this action pursuant to 35 U.S.C. § 285; and (d) award Aurobindo such further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims of the '938 patent are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or under other judicially-created bases for invalidation.

### Second Affirmative Defense

The manufacture, use or sale of the dalfampridine extended release product described in ANDA No. 206811 has not infringed, and would not, if marketed, infringe, either directly or indirectly, any valid and enforceable claim of the '938 patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

The claims of the '826 patent are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or under other judicially-created bases for invalidation.

### Fourth Affirmative Defense

The manufacture, use or sale of the dalfampridine extended release product described in ANDA No. 206811 has not infringed, and would not, if marketed, infringe, either directly or

indirectly, any valid and enforceable claim of the '826 patent, either literally or under the doctrine of equivalents.

## Fifth Affirmative Defense

The claims of the '437 patent are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or under other judicially-created bases for invalidation.

## Sixth Affirmative Defense

The manufacture, use or sale of the dalfampridine extended release product described in ANDA No. 206811 has not infringed, and would not, if marketed, infringe, either directly or indirectly, any valid and enforceable claim of the '437 patent, either literally or under the doctrine of equivalents.

## Seventh Affirmative Defense

The claims of the '703 patent are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or under other judicially-created bases for invalidation.

## Eighth Affirmative Defense

The manufacture, use or sale of the dalfampridine extended release product described in ANDA No. 206811 has not infringed, and would not, if marketed, infringe, either directly or indirectly, any valid and enforceable claim of the '703 patent, either literally or under the doctrine of equivalents.

## Ninth Affirmative Defense

The claims of the '685 patent are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or under other judicially-created bases for invalidation.

### Tenth Affirmative Defense

The manufacture, use or sale of the dalfampridine extended release product described in ANDA No. 206811 has not infringed, and would not, if marketed, infringe, either directly or indirectly, any valid and enforceable claim of the '685 patent, either literally or under the doctrine of equivalents.

### Eleventh Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Twelfth Affirmative Defense

Plaintiffs are not entitled to relief because they have not appropriately shown nor proven adequate standing for the relief sought.

### Thirteenth Affirmative Defense

Plaintiffs are estopped from arguing and have waived arguments that its claims cover the dalfampridine extended release product described in ANDA No. 206811 by virtue of amendment, positions, and arguments made to the USPTO when obtaining the asserted patents.

### Reservation of Additional Defenses

Any additional defenses or counterclaims that discovery may reveal, such as inequitable conduct.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

For its counterclaims against Plaintiffs Acorda Therapeutics, Inc. ("Acorda") and Alkermes Pharma Ireland Limited ("Alkermes") (collectively "Plaintiffs" or "Counterclaim Defendants"), Defendant and Counterclaim Plaintiff Aurobindo Pharma Ltd. ("Aurobindo Ltd.") and Aurobindo Pharma U.S.A., Inc. ("Aurobindo USA") (collectively, "Aurobindo") state as follows:

## THE PARTIES

1.      Aurobindo Pharma Ltd. is an Indian corporation having a place of business at Plot #2, Maitri Vihar, Ameerpet, Hyderabad – 500 038, Andhra Pradesh, India.

2.      Aurobindo Pharma U.S.A., Inc. is a Delaware corporation having a principal place of business at 6 Wheeling Road, Dayton, New Jersey 08810.

3.      Upon information and belief, Acorda is a corporation organized under the laws of the State of Delaware, having its principal place of business at 420 Saw Mill River Road, Ardsley, New York 10502.

4.      Upon information and belief, Alkermes is an Irish corporation, having a place of business of at Connaught House, 1 Burlington Road, Dublin 4, Ireland.

## JURISDICTION AND VENUE

5.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, Title 35 of the United States Code.

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337, 1338(a), 2201, and 2202.

7.      Plaintiffs are subject to personal jurisdiction in this Judicial District because Plaintiffs subjected themselves to the jurisdiction of this Court by filing their Complaint here. Plaintiffs are also subject to personal jurisdiction in this district because they sell products here including the AMPYRA® product that is the subject of this case, because they regularly practice business here, and because they have purposefully availed themselves of the benefits of jurisdiction in the State of Delaware.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), and (c), and 1400(b) and by Plaintiffs' choice of forum.

## BACKGROUND

9.     The USPTO issued U.S. Patent No. 5,540,938 ("the '938 patent") on July 30, 1996. In the Complaint, Plaintiffs assert that Alkermes is the assignee of the '938 patent.

10.     In the Complaint, Plaintiffs assert that Acorda acquired an exclusive license to the '938 patent.

11.     The USPTO issued U.S. Patent No. 8,007,826 ("the '826 patent") on August 30, 2011. In the Complaint, Plaintiffs assert that Acorda is the assignee of the '826 patent.

12.     The USPTO issued U.S. Patent No. 8,354,437 ("the '437 patent") on January 15, 2013. In the Complaint, Plaintiffs assert that Acorda is the assignee of the '437 patent.

13.     The USPTO issued U.S. Patent No. 8,440,703 ("the '703 patent") on May 14, 2013. In the Complaint, Plaintiffs assert that Acorda is the assignee of the '703 patent.

14.     The USPTO issued U.S. Patent No. 8,663,685 ("the '685 patent") on March 4, 2014. In the Complaint, Plaintiffs assert that Acorda is the assignee of the '685 patent.

15.     Upon information and belief, Acorda holds approved New Drug Application ("NDA") No. 022250, for the use of dalfampridine extended release tablets of 10 mg dosage strength, which are prescribed and sold in the United States under the name AMPYRA®.

16.     The Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 301 *et seq.*, as amended by the Hatch-Waxman Amendments, sets forth the rules that the Food and Drug Administration ("FDA") follows when considering whether to approve the marketing of both brand-name and generic drugs.

17. Under the FFDCA, an applicant seeking to market a new brand-name drug must prepare a New Drug Application ("NDA") for consideration by the FDA. *See* 21 U.S.C. § 355.

18. An NDA may include, *inter alia*, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an authorized party. *See* 21 U.S.C. § 355(b)(1),-(c)(2); 21 C.F.R. § 314.53(b),-(c)(2).

19. On request from an NDA holder, the FDA automatically lists the NDA holder's disclosed patents pursuant to 21 U.S.C. §§ 355(b)(1) and (c)(2) in the publication *Approved Drug Products with Therapeutic Equivalence Evaluations*, commonly known as the "*Orange Book.*" The FDA does not evaluate whether the claims of the disclosed patents actually cover the drug or method of using such drug, or whether the patent is valid; its actions are "purely ministerial." *aaiPharma Inc. v. Thompson*, 296 F.3d 227, 243 (4th Cir. 2002).

20. On information and belief, Acorda caused the '938 patent, the '826 patent, the '437 patent, the '703 patent, and the '685 patent ("the patents-in-suit") to be listed in the *Orange Book* in connection with NDA No. 022250.

21. Aurobindo filed ANDA No. 206811 seeking FDA approval to market its version of dalfampridine extended release tablets of 10 mg dosage strength ("Aurobindo's dalfampridine extended release products") and made reference to NDA No. 022250. As part of Aurobindo's ANDA, Aurobindo submitted a paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), that the patents-in-suit are invalid, unenforceable, and/or not infringed by Aurobindo's dalfampridine extended release products.

22. On June 26, 2014, Aurobindo sent a letter to Plaintiffs notifying them that Aurobindo had submitted ANDA No. 206811 to the FDA seeking approval to engage in the

15

commercial manufacture, use, sale and/or importation of Aurobindo's dalfampridine extended release products and that the ANDA contained a paragraph IV certification that the '938 patent, the '826 patent, the '437 patent, the '703 patent, and the '685 patent are invalid, unenforceable, and/or not infringed by its proposed generic products (the "June 26, 2014 notice letter").

23.   Aurobindo's June 26, 2014 notice letter contained an offer of confidential access to relevant portions of ANDA No. 206811 to each of the Plaintiffs so that they could obtain more information if desired to determine whether Aurobindo's dalfampridine extended-release products would infringe any valid claim of the patents-in-suit, pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

24.   Aurobindo's June 26, 2014 notice letter initiated a 45-day statutory period during which Plaintiffs had the opportunity to file an action for patent infringement.

25.   On July 10, 2014, Plaintiffs sued Aurobindo alleging infringement of the '938 patent, the '826 patent, the '437 patent, the '703 patent, and the '685 patent. There has been and is now an actual and justiciable controversy between Aurobindo and Plaintiffs as to whether the dalfampridine extended release products described in ANDA No. 206811 infringe, induce infringement, or contribute to the infringement of any valid enforceable claim of the patents-in-suit.

## FIRST COUNTERCLAIM:  NON-INFRINGEMENT OF THE '938 PATENT

26.   Aurobindo re-alleges and incorporates the allegations of paragraphs 1-25 as if fully set forth herein.

27.   This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that no valid claim of the '938 patent will be infringed by the manufacture, use, sale, offer for

sale, or importation into the United States of the dalfampridine extended release products described by ANDA No. 206811.

28.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '938 patent.

29.     Aurobindo is entitled to a judicial declaration that the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will not infringe, directly or indirectly, any valid claim of the '938 patent.

## SECOND COUNTERCLAIM:  INVALIDITY OF THE '938 PATENT

30.     Aurobindo re-alleges and incorporates the allegations of paragraphs 1-29 as if fully set forth herein.

31.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '938 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

32.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '938 patent.

33.     Aurobindo is entitled to a judicial declaration that the claims of the '938 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States

Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

### THIRD COUNTERCLAIM: NON-INFRINGEMENT OF THE '826 PATENT

34.     Aurobindo re-alleges and incorporates the allegations of paragraphs 1-33 as if fully set forth herein.

35.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that no valid claim of the '826 patent will be infringed by the manufacture, use, sale, offer for sale, or importation into the United States of the dalfampridine extended release products described by ANDA No. 206811.

36.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '826 patent.

37.     Aurobindo is entitled to a judicial declaration that the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will not infringe, directly or indirectly, any valid claim of the '826 patent.

### FOURTH COUNTERCLAIM: INVALIDITY OF THE '826 PATENT

38.     Aurobindo re-alleges and incorporates the allegations of paragraphs 1-37 as if fully set forth herein.

39.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration

that the claims of the '826 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

40.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '826 patent.

41.     Aurobindo is entitled to a judicial declaration that the claims of the '826 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

### FIFTH COUNTERCLAIM:  NON-INFRINGEMENT OF THE '437 PATENT

42.     Aurobindo re-alleges and incorporates the allegations of paragraphs 1-41 as if fully set forth herein.

43.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that no valid claim of the '437 patent will be infringed by the manufacture, use, sale, offer for sale, or importation into the United States of the dalfampridine extended release products described by ANDA No. 206811.

44.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '437 patent.

45.     Aurobindo is entitled to a judicial declaration that the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will not infringe, directly or indirectly, any valid claim of the '437 patent.

### SIXTH COUNTERCLAIM: INVALIDITY OF THE '437 PATENT

46.     Aurobindo re-alleges and incorporates the allegations of paragraphs 1-45 as if fully set forth herein.

47.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '437 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

48.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '437 patent.

49.     Aurobindo is entitled to a judicial declaration that the claims of the '437 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

### SEVENTH COUNTERCLAIM: NON-INFRINGEMENT OF THE '703 PATENT

50.     Aurobindo re-alleges and incorporates the allegations of paragraphs 1-49 as if fully set forth herein.

51.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that no valid claim of the '703 patent will be infringed by the manufacture, use, sale, offer for sale, or importation into the United States of the dalfampridine extended release products described by ANDA No. 206811.

52.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '703 patent.

53.     Aurobindo is entitled to a judicial declaration that the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will not infringe, directly or indirectly, any valid claim of the '703 patent.

## EIGHTH COUNTERCLAIM: INVALIDITY OF THE '703 PATENT

54.     Aurobindo re-alleges and incorporates the allegations of paragraphs 1-53 as if fully set forth herein.

55.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '703 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

56.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine

extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '703 patent.

57. Aurobindo is entitled to a judicial declaration that the claims of the '703 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

**NINTH COUNTERCLAIM: NON-INFRINGEMENT OF THE '685 PATENT**

58. Aurobindo re-alleges and incorporates the allegations of paragraphs 1-57 as if fully set forth herein.

59. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that no valid claim of the '685 patent will be infringed by the manufacture, use, sale, offer for sale, or importation into the United States of the dalfampridine extended release products described by ANDA No. 206811.

60. There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '685 patent.

61. Aurobindo is entitled to a judicial declaration that the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will not infringe, directly or indirectly, any valid claim of the '685 patent.

## **TENTH COUNTERCLAIM:  INVALIDITY OF THE '685 PATENT**

62.     Aurobindo re-alleges and incorporates the allegations of paragraphs 1-61 as if fully set forth herein.

63.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '685 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

64.     There is an actual and justiciable controversy between the parties concerning whether the manufacture, use, sale, offering for sale, or importation of the dalfampridine extended release products described by ANDA No. 206811 will infringe any valid and enforceable claim of the '685 patent.

65.     Aurobindo is entitled to a judicial declaration that the claims of the '685 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

## **PRAYER FOR RELIEF**

WHEREFORE, Aurobindo respectfully requests that the Court enter a Judgment and Order in their favor and against Plaintiffs as follows:

A.     For a declaration that the filing of Aurobindo's ANDA No. 206811 has not infringed, and any future marketing or sale of the ANDA product will not infringe, any valid and enforceable claim of the '938 patent.

B.     For a declaration that the filing of Aurobindo's ANDA No. 206811 has not infringed, and any future marketing or sale of the ANDA product will not infringe, any valid and enforceable claim of the '826 patent.

C.     For a declaration that the filing of Aurobindo's ANDA No. 206811 has not infringed, and any future marketing or sale of the ANDA product will not infringe, any valid and enforceable claim of the '437 patent.

D.     For a declaration that the filing of Aurobindo's ANDA No. 206811 has not infringed, and any future marketing or sale of the ANDA product will not infringe, any valid and enforceable claim of the '703 patent.

E.     For a declaration that the filing of Aurobindo's ANDA No. 206811 has not infringed, and any future marketing or sale of the ANDA product will not infringe, any valid and enforceable claim of the '685 patent.

F.     For a declaration that the claims of the '938 patent are invalid.

G.     For a declaration that the claims of the '826 patent are invalid.

H.     For a declaration that the claims of the '437 patent are invalid.

I.     For a declaration that the claims of the '703 patent are invalid.

J.     For a declaration that the claims of the '685 patent are invalid.

K.     For a declaration that this case is exceptional in favor of Aurobindo and awarding attorney's fees pursuant to 35 U.S.C. § 285, other statutes or rules, or the general power of the Court.

L.     For an award of costs and expenses; and

M.     For such other relief as the Court determines to be just and proper.

September 23, 2014                           PHILLIPS GOLDMAN & SPENCE, P.A.


/s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, Delaware 19806-4204
Tel. (302) 655-4200
jcp@pgslaw.com
mch@pgslaw.com


*Of Counsel*:

Sailesh K. Patel
Nimita L. Parekh
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Tel. (312) 258-5500
spatel@schiffhardin.com
nparekh@schiffhardin.com

Gina M. Bassi
SCHIFF HARDIN LLP
666 Fifth Avenue
Suite 1700
New York, NY 10103
(212) 753-5000
gbassi@schiffhardin.com

*Attorneys for Defendants Aurobindo Pharma
Ltd. and Aurobindo Pharma USA, Inc.*